### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAHEEM LA'MONZE PLATER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-859-R |
| | ) |
| **EDEN POIROT et al.,** | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 1). Pursuant to an order entered by United States District Judge David L. Russell, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Plaintiff has also submitted an Application (IFP Motion) for Leave to Proceed *In Forma Pauperis*, that is, without prepayment of fees and costs. *See* ECF No. 3. Plaintiff has incurred more than three strikes under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). The undersigned therefore recommends that the Court deny Plaintiff's IFP Motion and dismiss this action without prejudice unless Plaintiff pays the full filing fee within twenty (20) days of any order adopting this report and recommendation.[1]

---

[1] The filing fee is $350.00. See 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched. ¶ 14*.

A search of the Court's Case Management/Electronic Case Filing system reveals the Plaintiff has previously filed three or more civil actions that were dismissed for failure to state a claim for relief and/or as frivolous.[2] Title 28 U.S.C. § 1915(g), the so-called three-strikes provision of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a "three-strikes" prisoner from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the prisoner can support the application of the imminent-danger exception. A prisoner with three-strikes may, in any event, proceed in civil actions or appeals by prepaying the filing fee. See *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility,* 175 F.3d 775, 778 (10th Cir. 1999).

Taking judicial notice of the Court's records, the Court's records clearly demonstrate that the Plaintiff has "three strikes" and that the provisions of 28 U.S.C. § 1915(g) bar him from proceeding *in forma pauperis*. Congress did not bar a prisoner with three strikes from filing new civil actions but did eliminate a three-striker's privilege of proceeding *in forma pauperis* "unless the prisoner is under imminent danger of serious

---

[2] *See Plater v. Bowers*, No. 22-789-R (W.D. Okla. June 6, 2023) (dismissed for failure to state a claim); *Plater v. Phoenix Fin. Serv.*, No. 22-688-J (W.D. Okla. Nov. 28, 2022) (dismissed for failure to state a claim); *Plater v. Walton*, No. 20-1091-R (W.D. Okla. Feb. 12, 2021) (dismissed for failure to state a claim); *Plater v. Hall*, Case No. 21-108-WOB (E.D. Ky. Nov. 22, 2021) (order dismissing complaint for failure to state a claim).

physical injury." *Id.* The undersigned has thoroughly reviewed Plaintiff's Complaint and Brief in Support (ECF No. 1 and 2). Plaintiff's allegations are based on discrete non-physical violations. Despite Plaintiff attaching a request of staff dated August 13, 2024, Mr. Plater's claims 1-3 allege facts occurring before June 2021--facts that have been previously brought before the Court and subsequently dismissed. *See* ECF No. 2:1-12.[3] In Plaintiff's claims 5-7,[4] Plaintiff intends to argue an affirmative defense for failure to exhaust, he also believes he should be granted leave to proceed *in forma pauperis* and that the Defendant's should not be permitted to argue failure to exhaust. *See* ECF No. 2:12-17. "To satisfy the 'imminent danger' exception, a complainant must offer '*specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Davis,* 299 F. App'x at 835 (quoting *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008)). "[O]ffering vague or conclusory allegations, is insufficient." *Id.* Plaintiff's Complaint and Brief in Support reveal nothing that would demonstrate that the imminent danger of serious physical injury exception applies.

With more than three strikes against him and no showing of imminent danger, Plaintiff is not eligible to proceed *in forma pauperis* under § 1915(g). The Court should

---

[3] *See Plater v. Poirot*, No. CIV-21-899-R (W.D. Okla. June 1, 2022) (Dismissed based upon his failure to exhaust his administrative remedies); *Plater v. Poirot,* No. CIV-21-779-R (W.D. Okla. July 5, 2023) (Dismissed based upon his failure to exhaust his administrative remedies); *Plater v. Poirot*, No. 23-6131, 2024 WL 3634225 (10th Cir. Aug. 2, 2024).

[4] Plaintiff's Complaint includes 6 titled claims, numbered I-VII, but Plaintiff has mis-numbered, omitting number IV.

therefore deny Plaintiff's in forma pauperis motion and dismiss this action without prejudice unless Plaintiff pays the full filing fee.

## RECOMMENDATION

It is therefore recommended that the Plaintiff's IFP Motion **(ECF No. 3)** be **DENIED** and that this action be dismissed without prejudice to re-filing unless Plaintiff pays the $405.00 filing fee in full to the Clerk of the Court within twenty (20) days of any order adopting this Report and Recommendation.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **September 16, 2024**, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on August 29, 2024.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE