IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-24-859-R |
| | ) |
| EDEN POIROT, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Before the Court is the Report and Recommendation [Doc. 6] of United States Magistrate Judge Shon T. Erwin entered on August 29th, 2024, recommending that the undersigned deny Plaintiff Raheem La'Monze Plater's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 3] and dismiss the action without prejudice unless Plaintiff pays the full filing fee within 20 days of this Order. Plaintiff has timely filed his objection [Doc. 7], and the matter is ripe for decision. For the reasons below, on *de novo* review, the Court ADOPTS the Report and Recommendation and DENIES Plaintiff's Motion [Doc. 3].

Judge Erwin based his recommendation on the "three strike" rule found in 28 U.S.C. § 1915(g) [Doc. 6]. The rule pertinently states that a prisoner may not proceed *IFP* as a civil plaintiff if he "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court in the United States that was dismissed on grounds that it…fails to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g).

Plaintiff's objection is that the present claim "relates back" to his 2021 action, *Plater v. Poirot*, No. CIV-21-899-R (W.D. Okla. Sept. 13, 2021), and thus a "third strike" was not established prior to the filing of the present claim [Doc. 7]. However, "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (internal citations omitted). Here, the present case is neither an amendment nor a supplement to the 2021 action, but rather it is a separately filed case entirely, thus precluding application of the relation back doctrine. The Court takes judicial notice of the public court records showing that Plaintiff filed three actions while incarcerated that were dismissed for failure to state a claim as of the date of this case's filing.[1] Accordingly, under § 1915(g), Plaintiff has earned three "strikes" and is barred from proceeding *IFP*. Plaintiff's alternative request for equitable tolling or estoppel of the "three strikes" designation lacks any persuasive legal basis. Therefore, Plaintiff's objection is overruled.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. 6] is ADOPTED. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is DENIED, and Plaintiff must pay the $405.00 filing fee by October 11th, 2024, or this action will be dismissed without prejudice.

---

[1] *Plater v. Walton*, No. CIV-20-1091-R (W.D. Okla. Feb. 12, 2021); *Plater v. Phoenix Fin. Services*, No. CIV-22-688-R (W.D. Okla. Nov. 28, 2022); *Plater v. Bowers*, No. CIV-22-789-R (W.D. Okla. June 6, 2023).

IT IS SO ORDERED this 20th day of September 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE