UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAHEEM LA'MONZE PLATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-24-859-R |
| | ) |
| EDEN POIROT, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

Plaintiff Raheem La'Monze Plater, a prisoner proceeding *pro se*, sued Defendants Eden Clark Poirot, Svenja Cooper, and GEO Group Inc. under 42 U.S.C. § 1983 for violation of his constitutional rights under the First, Eighth, and Fourteenth Amendments, as well as for violation of the Religious Land Use and Institutionalized Persons Act, and for state law fraud [Doc. No. 14]. The matter was referred to United States Magistrate Judge Shon T. Erwin in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 15], recommending that the matter be dismissed without prejudice for lack of jurisdiction under the doctrine of issue preclusion. He also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law fraud claim.

Plaintiff filed a timely objection [Doc. No. 16], and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Plaintiff does not object to Judge

1

Erwin's description of the factual and procedural history, and the Court finds it to be accurate, it is adopted accordingly.

There are four elements to issue preclusion:

(1) The issue decided in the previous action must have been identical to the issue presented in the current action;

(2) The previous action must have been finally adjudicated;

(3) The party against whom the doctrine is invoked must have been a party to the previous adjudication; and

(4) That party must have had a full and fair opportunity to litigate the issue in the previous action.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 962, 967 (10th Cir. 2014) (citation omitted).

Judge Erwin recommends application of the doctrine of issue preclusion because the issue of administrative exhaustion was finally adjudicated in *Plater II* (No. CIV-22-779-R). Doc. No. 15 at p. 6. Plaintiff argues that the Court's failure to subpoena surveillance footage deprived him of a full and fair opportunity to litigate the issue of administrative exhaustion in *Plater II*, so the issue of administrative exhaustion was not finally adjudicated. Doc. No. 16 at pp. 2-3.

But whether the Court previously erred by declining to subpoena the pertinent surveillance video has no effect on Plaintiff's requirement to exhaust his administrative remedies before filing suit. In its Order denying Plaintiff's motion to reconsider in *Plater II*, the Court outlined Plaintiff's responsibilities under the ODOC's grievance policy, which included maintaining a copy of his ARA appeal forms and inquiring if he had not received

a decision regarding his appeal after a specific period of time. *Plater II*, Doc. No. 43 at pp. 7-8. Plaintiff now attaches what purport to be copies of his ARA appeal forms for Grievances 369-21 and 370-21 to show that he timely submitted his ARA appeal forms. He did so on appeal from the Court's denial of his motion to reconsider as well. *Plater II*, Doc. No. 58 at p. 8. There, like here, he argued that he did not appreciate the importance of the forms until after the Court's Order denying reconsideration. *Id*. The Tenth Circuit found this argument unpersuasive, rejected it, and observed that the attached appeal forms were likely recent fabrications. *Id*. at pp. 9-10, n.5. Regardless of whether the attached appeal forms are authentic, Plaintiff had them at his disposal in *Plater II* and did not present them as evidence of administrative exhaustion to defeat summary judgment. He is not permitted to relitigate the issue now.

Accordingly, the doctrine of issue preclusion applies regarding the issue of administrative exhaustion. The Report and Recommendation is therefore ADOPTED in its entirety, and Plaintiff's Complaint is dismissed without prejudice to refiling.[1]

IT IS SO ORDERED this 9th day of April, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also filed a Motion for Leave to Supplement his Objection [Doc. No. 17]. Because none of the arguments contained in the Motion are relevant to the Court's determination regarding the applicability of issue preclusion to the issue of administrative exhaustion, the Motion is denied.